COLTON v. BIGELOW.

1. Where an order for the examination of a judgment debtor in supplementary proceedings under the act concerning executions, (*Rev.*, p. 393,) has been duly served on the judgment debtor, and he fails to appear for examination, the judgment creditor may proceed to examine witnesses, and an order appointing a receiver may be made on such examination without examining the judgment debtor.

2. The judge, in this summary way, has no power to try and determine the rights of third persons in the property, with respect to which a receiver is applied for; and, as against the judgment debtor, the appointment of a receiver only operates *pro hac vice* to vest in the receiver property which the statute makes amenable to his debts, and clothes the receiver with the power to that extent to take, sue for and recover the same.

3. If, from the examination as certified by the commissioner, it be entirely clear that the judgment debtor has no property, or the property discovered is such as to be exempt from the operation of the act, an order appointing a receiver should not be made; but in case of a disputed or contested right, or if there be probable grounds for the belief of the existence of property which the receiver may obtain, the appointment should be made, leaving its results to be determined in a subsequent suit by the receiver.

On *certiorari* to remove an order appointing a receiver on supplementary proceedings in aid of a judgment creditor.

Argued at February Term, 1879, before Justices DALRIMPLE, DEPUE, and SCUDDER.

For the plaintiff in *certiorari*, *Mr. Broadhead*, of New York.

*Contra*, *E. B. Ward.*

The opinion of the court was delivered by

DEPUE, J.   Upon return of the execution in the above case by the sheriff of the county of Essex, that he could find neither goods, chattels nor real estate of the defendant, whereof the moneys in the judgment mentioned, or any part

thereof, could be made, and a petition, in due form, verified by the oath of the plaintiff, an order was made that the defendant appear and make discovery on oath concerning his property and things in action, pursuant to the act concerning executions. *Rev.*, *p.* 393, ¶ *VI.* The petition set out that the defendant was entitled. to a certain share and proportion of the estate, real and personal, whereof his father died seized and possessed. The order further forbid the debtor's assignment, transfer 'or conveyance of his said interest, and the executors of the deceased paying or delivering the moneys or property, or any part thereof, due or belonging to the defendant, to the defendant, or any other person or persons in his behalf, until further order should be made.

The proceedings on which the preliminary order for discovery and injunction was made, and the order itself, were in all respects in compliance with the statute.

Testimony having been taken before a commissioner, and being certified to the judge, a receiver was appointed, following the language of section twenty-six of the act.

The order appointing a receiver is assailed on two grounds—

*First.* That it was not made upon an examination of the judgment debtor himself. Section twenty-five of the act provides for subpœnaing and the examination of witnesses before the commissioner before whom the testimony is directed to be taken. Section twenty-six provides that when the examination of a judgment debtor, or of witnesses, shall have been taken by the commissioner, it shall be certified to the judge making the order, and thereupon it shall be lawful for the judge, after considering the evidence of the party and witnesses, to make an order appointing a receiver. The original order requires the defendant in execution to appear for the purpose of such examination.

The right to examine the judgment debtor is the privilege of the creditor. It was given for his benefit and advantage, to enable him more effectually to discover the property of the debtor. The creditor is not concluded by the answer of the debtor. He may examine third persons as witnesses, and on

their testimony obtain the appointment of a receiver. The judgment debtor is entitled to notice, in order that he may be present at the examination, and may be compelled to appear and submit to an examination. In the present case, the order for examination was served on the defendant, and he did not appear. Having declined to obey its command, he cannot object that he was not examined, or that the examination was had in his absence. He had an opportunity of being present, of which he did not avail himself, and if he has been prejudiced by the manner in which the examination was conducted, it resulted from his own want of attention.

*Second.* That no property liable to be taken by the receiver was discovered by the examination as certified by the commissioner. The twenty-seventh section of the act provides that if, after examination of the party and witnesses, no such property or things in action shall be discovered, the petition shall be dismissed, with costs. The contention of the judgment creditor that the defendant cannot avail himself of the objection that the examination discovered no property, cannot be yielded to under the circumstances of this case. The order appointing a receiver was accompanied by an injunction, directed to the custodians of the property, forbidding payment, transfer or delivery to the defendant. If the property be such only that the defendant may enjoy the benefit of it, and yet be not subject to be reached by a judgment creditor under the act, as if it be held upon a trust created by a third person, or be such property as is reserved by law to a debtor, or be money due for the labor or personal services of the debtor, or his family, the judgment debtor is prejudiced by the order, and the injunction ancillary thereto, and may be heard on such an objection on *certiorari*, or on an application to modify the injunction order.

The material inquiry is, how far the debtor may avail himself of an objection, either before the judge making the order, or upon *certiorari*, that the examination has not accomplished the result contemplated by the act.

The decision of the judge, in making the order appointing

Colton v. Bigelow.

a receiver, that the examination has disclosed property of the judgment debtor, which is liable to be applied under the statute, in payment of the judgment debt, is not final or conclusive. The judge, on this summary proceeding, has no power to try and determine the rights of third persons in the property with respect to which the receiver is appointed, and, as against the adverse claims of third persons therein, his decision that such property belongs to the judgment debtor is of no force. As against the judgment debtor, the appointment is conclusive only so far as it substitutes the receiver in his place as an officer of the court, to collect, sue for and receive such property as the judgment creditor is entitled under the statute to resort to, for the satisfaction of his judgment. The order nominating a receiver operates *pro hac vice* to vest in the receiver the property of the judgment debtor, which the statute makes amenable to his debts, and clothes the receiver with the power to that extent, to take, sue for and recover the same. In cases of a disputed or contested right of a receiver to obtain property, and make it available in satisfaction of the judgment debt, the appointment merely puts matters in a train for investigation, and if there be probable grounds for the belief of the existence of property, the appointment should be made, leaving its results to be determined in a subsequent suit by the receiver for its recovery. The propriety of the appointment of a receiver in any particular case, must be left largely in the discretion of the judge. If, from the examination laid before him, it be entirely clear that the property discovered thereby is such as to be exempt from the operation of the act, the order should not be made. But the judge is not required, on such informal proceedings, to decide matters of fact, or of law, that fairly admit of discussion; and if there be any evidence to justify the order appointing the receiver, it will not be set aside on *certiorari*. *Journeay* v. *Brown*, 2 *Dutcher* 111.

In the present case, the property of the judgment debtor, with reference to which the appointment of the receiver was made, consisted in his interest under the will of his deceased

father. The testator gave to his wife all his personal property belonging to or connected with his dwelling-house, stable and premises belonging thereto, consisting of household and kitchen furniture, silver plate, books, horses, harness, carriages, sleighs and all the appurtenances thereof, and the use of his dwelling-house and stable during her natural life. He also gave and devised to his executors the one-half of the residue of his estate, real and personal, in trust to invest, and keep invested, and pay the interest and dividends to his wife, for her support during her natural life. The residue of his estate, including the *corpus* of that part of it set apart for the benefit of his wife during her life, he devised and bequeathed equally to his four children, of whom the defendant is one. At the time the receiver was appointed, the testator's wife was living; she has died since, and before this writ of *certiorari* was allowed. After her death the receiver filed a bill in chancery to collect and obtain the possession of the rights and interests of the defendant under his father's will, and this writ is prosecuted to vacate the order of appointment, so as to take from him the foundation of his right to prosecute that suit.

Under these circumstances, the case does not specially commend itself to the consideration of this court. The questions of the existence of any right in the receiver under his appointment, and the extent of his rights, are now in litigation in another court, and a judgment of this court is asked which will put an end to that litigation. It should be a clear case, imperatively calling for interference, that would justify one court in interfering collaterally with a litigation regularly proceeding in another court, especially on grounds which are directly involved in the pending suit.

It did not appear (except inferentially) from the papers and testimony laid before the judge, that the executors had accounted for, and paid over to the defendant, that part of the estate which was given to him immediately, without any charge thereon for the benefit of the testator's widow. But if it had so appeared, it would not have invalidated the

appointment of a receiver. Whether the debtor took such an interest or estate in the portion set apart for the benefit of the widow during her lifetime, (which consisted of real and personal estate,) as could be reached by his judgment creditors by proceedings for the appointment of a receiver during the life of the widow, to be followed by a suit for its recovery, commenced after her death, is a question the judge was not called upon to decide in making the appointment. It is a question that is now before the Court of Chancery, and should be left for decision by that tribunal.

The order should be affirmed.